# CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION v MONCRIEF

Case No. 85-0935

State of Florida, Division of Administrative Hearings

September 23, 1985

## APPEARANCES OF COUNSEL

**Joseph S. White,** Assistant General Counsel, Department of Law Enforcement, for petitioner.

**John S. Moncrief,** pro se.

## OPINION

MICHAEL M. PARRISH, Hearing Officer:

Pursuant to notice a formal hearing was conducted on July 18, 1985, at Okeechobee, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings. The parties were represented at the hearing.

## INTRODUCTION

This is a case in which the Criminal Justice Standards and Training Commission seeks to revoke the correctional officer certification of Mr. John S. Moncrief. By Amended Administrative Complaint dated February 7, 1985, the Commission asserts that Mr. Moncrief is lacking in good moral character by reason of allegations that he engaged in sexual intercourse with a female inmate and that he allowed a female inmate to go into a male inmate's sell for the purpose of sexual intercourse. Mr. Moncrief denies all acts of misconduct alleged in the Amended Administrative Complaint.

## PROCEDURAL MATTERS

At the hearing the Petitioner moved to amend the Amended Administrative Complaint to change the date alleged in paragraph 1 of that document from "December 1, 1981," to "June 12, 1980." There was no objection to the motion to amend. According, the motion was granted.

Subsequent to the hearing a transcript of the proceedings at the hearing was filed with the Hearing Officer on September 3, 1985. By letter dated September 4, 1985, the parties were advised of the filing of the transcript and were also advised that the deadline for filing any post-hearing written submissions to the Hearing Officer was September 18, 1985. As of the date of this Recommended Order the Respondent has not filed any post-hearing submission. The Petitioner filed proposed findings of fact and conclusions of law on September 19, 1985. Its tardiness notwithstanding, the Petitioner's post-hearing submission has been carefully considered in the preparation of this Recommended Order.[1]

## FINDINGS OF FACT

Based on the stipulations and admissions of the parties, on the exhibit received in evidence, and on the testimony of the witnesses at the hearing, I make the following findings of fact.

[1] The fact that a tardy post-hearing submission has been considered in this case should not be interpreted as an indication that future tardy submissions will be considered. Parties who file tardy documents are flirting with fate and courting disappointment.

1. The Respondent, Mr. John S. Moncrief, was certified by the Criminal Justice Standards and Training Commission on June 12, 1980, and was issued Certificate Number C-9151.

2. Mr. Moncrief worked in various law enforcement positions from 1979 through 1984. From December 1, 1981, until September 27, 1982, Mr. Moncrief worked as a Corrections Officer for the Okeechobee Sheriff's Office. During the entire time that Mr. Moncrief worked in law enforcement, the only charges or complaints made against him were those which form the basis for the charges in this case.

3. During the months of March and April of 1982, Mr. Gerald Ray "Cowboy" Powell was an inmate of the Okeechobee County Jail. During a portion of that time Ms. Lynda Carroll was also an inmate of the Okeechobee County Jail. At all relevant times Mr. Powell was housed in a downstairs cell which was used for trustees and minimum security inmates and Ms. Carroll was housed in the women's cellblock which was on the second floor of the jail facility. It was not possible for an inmate housed on the second floor to come down to the first floor without the assistance of a jail employee.

4. On two occasions during the months of March and April of 1982, Mr. Moncrief allowed Ms. Carroll to come downstairs at night and visit Mr. Powell in the latter's downstairs cell. In order to do so, it was necessary for Mr. Moncrief to enter the portion of the jail facility in which female inmates were housed and to open locked doors for Ms. Carroll. On both of the occasions mentioned immediately above, Mr. Powell and Ms. Carroll engaged in sexual intercourse in Mr. Powell's cell.[2]

5. On one occasion during the month of April of 1982, another Corrections Officer employed by the Okeechobee Sheriff's Office allowed Mr. Powell to go upstairs at night and visit with Ms. Carroll in her cell. On this occasion Mr. Powell and Ms. Carroll did not engage in sexual intercourse. Mr. Moncrief was not involved in any way with Mr. Powell's upstairs visit with Ms. Carroll.

6. During March and April of 1982 the policies and procedures in effect at the Okeechobee County Jail prohibited male Corrections Officers from entering the area in which female inmates were housed unless the male Corrections Officer was accompanied by a matron or a female dispatcher. Policies and procedures in effect at that time also

---

[2] The testimony on this issue is in direct conflict; Mr. Powell testified to the visits described in this paragraph and Mr. Moncrief flatly denied that any such visits ever took place. I have resolved the conflicts in the testimony in favor of Mr. Powell's testimony.

prohibited inmates of one sex from visiting inmates of the opposite sex. Mr. Moncrief was aware of these policies. It was a violation of these policies for Mr. Moncrief to allow Ms. Carroll to visit with Mr. Powell in the latter's cell.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact and on the applicable statutes, rules, and court decisions, I make the following conclusions of law.

1. The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to this proceeding. Sec. 120.57, Fla. Stat.

2. Section 943.13(7), Florida Statutes, requires that all persons employed or appointed as corrections officers shall, among other things, "[h]ave a good moral character as determined by a background investigation under procedures established by the commission." And Section 943.1395(5), Florida Statutes, states, in pertinent part:

> The commission shall revoke the certification of any officer who is not in compliance with the provisions of s. 943.13(1)-(10) and shall, by rule, adopt revocation-of-certification procedures pursuant to chapter 120.

3. There is no competent substantial evidence in the record of this case that Mr. Moncrief ever engaged in any form of sexual congress with Ms. Lynda Carroll. The only evidence of any such conduct was in the form of uncorroborated hearsay testimony (and in some instances "double hearsay"), none of which hearsay testimony would have been admissible over objection in a civil action.[3] Hearsay testimony of such quality is not sufficient to support a finding of fact. Sec. 120.58(1)(a), Fla. Stat.

4. There is competent substantial evidence that Mr. Moncrief arranged for Ms. Carroll to visit Mr. Powell on two occasions. However, there is no competent substantial evidence that Mr. Moncrief arranged for such visits for the purpose of sexual intercourse between the inmates. Specifically, there is no competent substantial evidence of any prior understanding that the visits were for the purpose of sexual intercourse, nor is there any competent substantial evidence that Mr. Moncrief observed the inmates engaged in sexual intercourse or other-

---

[3] Most of this hearsay was in the form of testimony about statements made by Ms. Carroll to a detective during an investigation of these matters. The inherent unreliability of statements by Ms. Carroll is indicated by the detective's description of Ms. Carroll, which included: "She is not very educated. She tries her best to lie."

wise became aware of their having engaged in sexual intercourse. Accordingly, the most that has been proved by way of misconduct on the part of Mr. Moncrief is that he violated policies and procedures of the Okeechobee County Jail which prohibited him from entering the female cell block without a matron or female dispatcher and which prohibited inmates of the opposite sex from being allowed to visit each other. While such misconduct on the part of Mr. Moncrief might well be argued to constitute poor judgment or incompetence on the part of Mr. Moncrief, it is not misconduct indicative of a lack of good moral character.

## RECOMMENDATION

On the basis of all of the foregoing, I recommend that the Criminal Justice Standards and Training Commission enter a Final Order dismissing all charges in the Amended Administrative Complaint on the grounds of insufficient evidence.

DONE AND ORDERED this 23rd day of September, 1985, at Tallahassee, Florida.

## EXCEPTIONS TO RECOMMENDED ORDER

COMES NOW, the Petitioner, by and through the undersigned Assistant General Counsel, and files these exceptions to the Recommended Order issued by the hearing officer on September 23, 1985 in this proceeding. The Criminal Justice Standards and Training is requested to reject the below described conclusions of law of the hearing officer and to adopt those herein states for the reasons as appear herein.

(1) The hearing officer erred in adopting a conclusion of law that the Respondent's misconduct of allowing a male inmate and a female inmate to visit one another at night while both were incarcerated in the Okeechobee County Jail was not misconduct indicative of a lack of good moral character. A correct statement of the law is that the Respondent, a certified correctional officer employed at the Okeechobee County Jail who arranged such visits between inmates of opposite sexes while on duty at the jail failed to maintain the qualifications of good moral character as a matter of law and the Criminal Justice Standards and Training Commission should therefore revoke his certification.

WHEREFORE, the undersigned requests that the Criminal Justice Standards and Training Commission reject the above conclusions of

236

law of the hearing officer and interpose these conclusions of law in the final order.

/s/Joseph S. White
Assistant General Counsel
Florida Dept. of Law Enforcement

## FINAL ORDER

This above styled matter came on for final action by the Criminal Justice Standards and Training Commission (hereinafter referred to as the "Commission") pursuant to Section 120.57(1)(b)(9), F.S., at a public hearing on April 25, 1986, in Tallahassee, Florida for consideration of the Recommended Order of the hearing officer entered herein. A transcript of the proceedings is available, if necessary. Respondent was not present.

Upon a complete review of the transcript of record of hearing held on July 18, 1985, in Okeechobee, Florida, the Report, Findings, Conclusions and Recommendations of the Hearing Examiner dated September 23, 1985, all exceptions filed to said items and being otherwise fully advised in the premises, the Commission makes the following findings and conclusions:

## FINDINGS OF FACT

The Commission, having reviewed the Recommended Findings of Facts adopts and incorporates by reference the Findings of Fact of the hearing officer.

## CONCLUSIONS OF LAW

Having reviewed the Recommended Conclusions of Law and the exceptions filed thereto the Commission adopts (which are attached hereto and incorporated by reference the hearing officer's conclusions of law except where they are contradicted by the Petitioners Exceptions which are attached hereto, adopted and fully incorporated herein by reference.

IT IS THEREFORE ORDERED AND ADJUDGED:

Respondent's Certificate No.: C-9151, is hereby revoked.

Pursuant to Section 120.59, Florida Statutes, the parties are hereby notified that they may appeal this final order by filing one copy of a notice of appeal with the clerk of the agency and by filing the filing fee and one copy of a notice of appeal with the District Court of Appeal within thirty (30 Days of the date this order is filed).

This Order shall become effective upon filing with the Clerk of the Department of Law Enforcement.

DONE AND ORDERED this 4th day of June, 1986.

/s/Walter C. Heinrich, Sheriff
Chairman